UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

ROBERT CHASE,
   Plaintiff

v.                                          Civil Action

                                            No. _____

QUINN FISHERIES, INC.,
   Defendant

MAGISTRATE JUDGE Alexander  RECEIPT #_____
                                            AMOUNT $ N/A
                                            SUMMONS ISSUED 4
                                            LOCAL RULE 4.1 ___
                                            WAIVER FORM ___
                                            MCF ISSUED ___
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL  BY DPTY. CLK ___
                                            DATE 8/23/05

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1. The Plaintiff, ROBERT CHASE, is a resident of Fairhaven, County of Bristol, Commonwealth of Massachusetts.

2. The Defendant, QUINN FISHERIES, INC., is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about May 31, 2005, the Defendant, QUINN FISHERIES, INC., was doing business within the Commonwealth of Massachusetts.

4. On or about May 31, 2005, the Plaintiff, ROBERT CHASE, was employed by the Defendant, QUINN FISHERIES, INC.

5. On or about May 31, 2005, the Plaintiff, ROBERT CHASE, was employed by the Defendant, QUINN FISHERIES, INC., as a seaman, and a member of the crew of the F/V PATIENCE.

6. On or about May 31, 2005, the Defendant, QUINN FISHERIES, INC., owned the F/V PATIENCE.

7. The Defendant, QUINN FISHERIES, INC., chartered the F/V PATIENCE from some other person or entity such that on or about May 31, 2005 the Defendant, QUINN FISHERIES, INC. was the owner pro hac vice of the F/V PATIENCE.

8. On or about May 31, 2005, the Defendant, QUINN FISHERIES, INC., operated the F/V PATIENCE.

9. On or about May 31, 2005, the Defendant, QUINN FISHERIES, INC., or the Defendant's agents, servants, and/or employees, controlled the F/V PATIENCE.

10. On or about May 31, 2005, the F/V PATIENCE was in navigable waters.

11. On or about May 31, 2005, while in the in the performance of his duties in the service of the F/V PATIENCE, the Plaintiff, ROBERT CHASE, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, ROBERT CHASE, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

### ROBERT CHASE v. QUINN FISHERIES, INC.

(JONES ACT NEGLIGENCE)

15. The Plaintiff, ROBERT CHASE, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, ROBERT CHASE, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, ROBERT CHASE, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, ROBERT CHASE, demands judgment against the Defendant, QUINN FISHERIES, INC., in an amount to be determined by a Jury, together with interest and costs.

## COUNT II

### ROBERT CHASE v. QUINN FISHERIES, INC.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, ROBERT CHASE, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, ROBERT CHASE, were due to no

fault of his, but were caused by the Unseaworthiness of the F/V PATIENCE.

21. As a result of said injuries, the Plaintiff, ROBERT CHASE has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, ROBERT CHASE, demands judgment against the Defendant, QUINN FISHERIES, INC., in an amount to be determined by a Jury, together with interest and costs.

## COUNT III

## ROBERT CHASE v. QUINN FISHERIES, INC.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, ROBERT CHASE, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, ROBERT CHASE, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, ROBERT CHASE, demands judgment against the Defendant, QUINN FISHERIES, INC., in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

## COUNT IV

### ROBERT CHASE vs. QUINN FISHERIES, INC.

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

25. The Plaintiff, ROBERT CHASE, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, ROBERT CHASE, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, ROBERT CHASE, has made demand upon the Defendant, QUINN FISHERIES, INC., for the provision of maintenance and cure.

28. The Defendant, QUINN FISHERIES, INC., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, ROBERT CHASE, demands judgment against the Defendant, QUINN FISHERIES, INC., in an amount to be determined by a Jury, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and

reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

                    Respectfully submitted for the
                    the Plaintiff, ROBERT CHASE,
                    by his attorney,

                    Carolyn M. Latti, BBO #567394
                    David F. Anderson, BBO #560994
                    LATTI & ANDERSON LLP
                    30-31 Union Wharf
                    Boston, MA 02109
                    (617) 523-1000

Dated: 8-22-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Robert Chase v. Quinn Fisheries, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   X  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   05 - 11739 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                              YES ☐       NO X☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                              YES ☐       NO X☐

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                              YES ☐       NO X☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                              YES ☐       NO X☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                              YES ☐       NO X☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐        Central Division ☐        Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division X☐       Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                              YES ☐       NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    CAROLYN M. LATTI, ESQUIRE, DAVID F. ANDERSON, ESQUIRE, LATTI & ANDERSON LLP

ADDRESS            30-31 UNION WHARF, BOSTON, MA 02109

TELEPHONE NO.  (617) 523-1000

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
ROBERT CHASE

## DEFENDANTS
_QUINN FISHERIES, INC._

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  BRISTOL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _BRISTOL_
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CAROLYN M. LATTI, BBO #567394, DAVID F. ANDERSON, BBO #560994, LATTI & ANDERSON LLP, 30-31 UNION WHARF, BOSTON, MA 02109
(617) 523-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
JONES ACT AND GENERAL MARITIME LAW FOR UNSEAWORTHINESS

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**_____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions)
JUDGE _____ DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD  /s/ Carolyn M. Latti

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

05 - 11739 JLT

ROBERT CHASE )
    Plaintiff )
)    Civil Action
V. )
)    No. _____
QUINN FISHERIES, INC., )
    Defendant )
)

SEAMAN'S DECLARATION

The Plaintiff, Robert Chase, in the above entitled action was a seaman and claims the benefits of the United States Code, Title 28, Section 1916, which provides that:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor"

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on 22 day of Aug, 2005

Carolyn M. Latti, BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000