UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************)
ROBERT CHASE,                )
        Plaintiff            )
                             )    Civil Action No.: 05-11739-JLT
v.                           )
                             )
QUINN FISHERIES, INC.        )
        Defendant.           )
*****************************
```

## ANSWER OF DEFENDANT QUINN FISHERIES, INC.

NOW COMES the defendant, Quinn Fisheries, Inc., in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully files its Answer to the Plaintiff's Complaint.

## GENERAL FACTUAL ALLEGATIONS

1. The defendant is without knowledge or information sufficient to form a belief as to plaintiff's residence and therefore denies same.

2. The defendant admits the allegations contained in Paragraph Two (2).

3. The defendant admits the allegations contained in Paragraph Three (3).

4. The defendant denies the allegations contained in Paragraph Four (4).

5. The defendant admits that on May 31, 2005 the plaintiff was employed as a seaman aboard the F/V PATIENCE. The defendant denies the remaining allegations contained in Paragraph Five (5).

6. The defendant denies the allegations contained in Paragraph Six (6).

7. The defendant denies the allegations contained in Paragraph Seven (7).

8. The defendant denies the allegations contained in Paragraph Eight (8).

9. The defendant denies the allegations contained in Paragraph Nine (9).

10. The defendant admits the allegations contained in Paragraph Ten (10).

11. The defendant denies the allegations contained in Paragraph Eleven (11).

12. The defendant denies the allegations contained in Paragraph Twelve (12).

## JURISDICTION

13. The allegations contained in Paragraph Thirteen (13) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

14. The allegations contained in Paragraph Fourteen (14) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

## COUNT I
## ROBERT CHASE V. QUINN FISHERIES, INC.
### (JONES ACT NEGLIGENCE)

15. The defendant reaffirms and reiterates all of its Answers set forth in Paragraphs One (1) through Fourteen (14) above, and incorporates same by reference herein..

16. The defendant denies the allegations contained in Paragraph Sixteen (16).

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen (17), and therefore denies same.

18. The allegations contained in Paragraph Eighteen (18) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss Count I together with costs and reasonable Attorneys' fees.

**COUNT II**
**ROBERT CHASE V. QUINN FISHERIES, INC.**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

19. The defendant reaffirms and reiterates all of its Answers set forth in Paragraphs One (1) through Fourteen (14) above, and incorporates same by reference herein..

20. The defendant denies the allegations contained in Paragraph 20.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty One (21), and therefore denies same.

22. The allegations contained in Paragraph Twenty Two (22) are statements of law requiring no Answer of the defendant.  To the extent an Answer is required, the defendant denies same.

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss Count II together with costs and reasonable Attorneys' fees.

**COUNT III**
**ROBERT CHASE V. QUINN FISHERIES, INC.**
**(GENERAL MARITIME LAW - MAINTENANCE AND CURE)**

23. The defendant reaffirms and reiterates all of its Answers set forth in Paragraphs One (1) through Fourteen (14) above, and incorporates same by reference herein.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty Four (24), and therefore denies same.

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss Count III together with costs and reasonable Attorneys' fees.

**COUNT IV**
**ROBERT CHASE V. QUINN FISHERIES, INC.**
**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE)**

25.     The defendant reaffirms and reiterates all of its Answers set forth in Paragraphs One (1) through Fourteen (14) above, and incorporates same by reference herein.

26.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty Six (26), and therefore denies same.

27.     The defendant admits that the plaintiff, through counsel, has demanded maintenance and cure.  The defendant denies the remaining allegations contained in Paragraph Twenty Seven (27).

28.     The defendant denies the allegations contained in Paragraph Twenty Eight (28).

29.     The defendant denies the allegations contained in Paragraph Twenty Nine (29).

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss Count IV together with costs and reasonable Attorneys' fees.

**AFFIRMATIVE DEFENSES**

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge or privity of the Defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the Defendants herewith claim benefit of any and all laws and statutes of the United States of America, of and concerning Limitation of Liability of the Defendant, including 46 App. U.S.C. Section 183.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states the Plaintiff's Complaint is barred under the doctrine of Superseding or Intervening Cause.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff has failed to mitigate damages.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's own negligence and failure to exercise the degree of care, skill and knowledge legally required of him and reasonably to be expected of an individual of the Plaintiff's experience and not due to any negligence or fault on the part of the Defendant or any persons for whom the Defendant may be legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff sustained personal injuries as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff was injured as alleged herein, which is specifically denied, the Plaintiff's injury was sustained as a result of an Act of God, for which the Defendant is not legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff sustained injuries as alleged herein, which is specifically denied, the Plaintiff has not provided documentary medical proof of said injuries, that such injuries occurred in the service of the vessel nor that the Plaintiff's alleged medical condition is non-palliative.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff has failed and refused to follow the reasonable directions of his medical provider and therefore this action should be dismissed and/or any recovery reduced accordingly.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff is entitled to any recovery, which is specifically denied, such recovery must be adjusted to account for advances provided to the Plaintiff.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that the Plaintiff has failed to provided sufficient documentary evidence regarding his actual expenditures for his maintenance.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that Count IV of the Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

>QUINN FISHERIES, INC.
>By its attorneys,
>
>/s/ Robert J. Murphy
>Robert J. Murphy, BBO No. 557659
>HOLBROOK & MURPHY
>150 Federal Street, 12th Floor
>Boston, MA 02110
>(617) 428-1151
>holbrook_murphy@msn.com

### Certificate of Service

I hereby certify that on October 26, 2005, I electronically filed Defendant Quinn Fisheries, Inc.'s Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carolyn M. Latti and David F. Anderson, Latti & Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109.

>/s/ Robert J. Murphy
>Robert J. Murphy, BBO# 557659
>HOLBROOK & MURPHY
>150 Federal Street, 12th Floor
>Boston, MA 02110
>(617) 428-1151
>holbrook_murphy@msn.com